IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In re:

MICHAEL ANTHONY JOYNER, SR.                    Case No. 04-76621-DHA
    Debtor(s).                                            Chapter 13

### NOTICE OF MOTION

    Richard C. Langhorne, attorney for the Debtor, has filed papers with the Court, a Motion for Authority to Substitute Lien on Real Property.

**Your rights may be affected. You should read these papers carefully, and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)**

    If you do not wish the Court to grant the relief sought in the following Notice, or if you want the Court to consider your views, then on or before **May 22, 2006**, you or your attorney must:

    [X] File with the Court, at the address below, a written request for hearing (or a written response pursuant to Local Bankruptcy Rule 9013-1 (H). If you mail your request for hearing (or response) to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

                                      Clerk of Court
                                       United States Bankruptcy Court
                                       PO Box 1938
                                       Norfolk, VA 23501-1938

You must also mail a copy to:    Richard C. Langhorne, Esquire
                                       500 E. Main Street, Ste. 1600
                                       Norfolk, VA 23510

                                       **And**

                                       Frank J. Santoro, Chapter 13 Trustee
                                       1435 Crossways Blvd., Ste. 301
                                       Chesapeake, VA 23320

    [ ] Attend a hearing to be scheduled at a later date. You will receive a separate notice of hearing. If no timely response has been filed opposing the relief requested, the Court may grant the relief without holding a hearing.

                                                      MICHAEL ANTHONY JOYNER, SR.

                                                      By:_____
                                                             Of Counsel

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

In Re:

MICHAEL A. JOYNER                                    Case No. 04-76621-DHA

    Debtor(s).

## MOTION FOR AUTHORITY TO SUBSTITUTE LIEN ON REAL PROPERTY

COMES NOW the debtor, Michael Anthony Joyner, Sr. ("Mr. Joyner" or the "Debtor"), by counsel, and requests permission to execute and deliver to Commercial Cash Flow, L.L.C., t/a Beach Commercial ( "Beach Commercial") a Deed of Trust in substitution of an existing judgment lien encumbering his real property described below. And in support thereof, the Debtor states as follows:

1.    This case was commenced upon the Debtor's filing of a voluntary petition for bankruptcy under chapter 13 of title 11 of the United States Bankruptcy Code in this Court on November 11, 2004. This Court entered an order confirming the Debtor's chapter 13 plan on June 28, 2005.

2.    Among the assets of the Debtor's estate is a joint interest with his spouse, Beverly M. Joyner ("Mrs. Joyner"), in certain real property (the "Property") located in the City of Portsmouth, VA. The Property is commonly known as 17 Columbia Court, Portsmouth, Virginia, and is further described as:

**Richard C. Langhorne, Esquire**
**State Bar #20624**
**500 E. Main Street, Ste. 1600**
**Norfolk, VA 23510**
**(757)622-9005**

>All that certain lot, piece or parcel of land, together with the buildings and improvements thereon and the appurtenances thereunto belonging, situate and lying and being in the City of Portsmouth, Virginia, and being known, numbered and designated as Disposition Parcel 121, as shown on that certain plat entitled "Subdivision of 'Columbia Commons' Portsmouth Redevelopment and Housing Authority, Portsmouth Virginia" which said plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia in Map Book 15, at Pages 122 and 123; reference to which said plat is hereby made for a more particular description.

3. Prior to commencement of this chapter 13 case, Commercial Cash Flow, L.L.C., t/a Beach Commercial ("Beach Commercial") docketed a confession of judgment (the "Judgment") against the Debtor and Mrs. Joyner in the face amount of $26,894.74, exclusive of unpaid interest, late fees, and attorney's fees accrued since April 6, 2004.

4. The debt obligations of Mr. and Mrs. Joyner to Beach Commercial, which are evidenced by the Judgment, have been restated pursuant to a modified repayment schedule dated as of March 1, 2006, a copy of which is attached hereto as Exhibit 1.

5. As part of an agreed refinance arrangement, Beach Commercial will release the lien of its Judgment in return for delivery and recordation of a deed of trust (the "Deed of Trust"), a copy of which is attached hereto as Exhibit 2.

6. The Debtor seeks permission from this Court to proceed with the agreed refinance arrangement on the terms set forth in this motion.

**Richard C. Langhorne, Esquire**
**State Bar #20624**
**500 E. Main Street, Ste. 1600**
**Norfolk, VA 23510**
**(757)622-9005**

WHEREFORE, the Debtor prays for the entry of an Order authorizing him to deliver a Deed of Trust to Beach Commercial for recordation in substitution for the existing judgment lien, and for such other relief as this Court deems appropriate.

MICHAEL ANTHONY JOYNER, SR.

By:_____
    Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of May, 2006 I mailed a true copy of the foregoing Notice and Motion to Substitute Lien on Real Property to Frank J. Santoro, Trustee, 1435 Crossways Blvd., Ste. 301, Chesapeake, VA 23320; Mr. and Mrs. Michael A. Joyner, Sr., 17, Columbia Court, Portsmouth, VA 23704 and to all parties as listed on on the attached mailing matrix.

_____
Richard C. Langhorne

**Richard C. Langhorne, Esquire**
**State Bar #20624**
**500 E. Main Street, Ste. 1600**
**Norfolk, VA 23510**
**(757)622-9005**

Arcadia Financial Ltd
PO Box 1437
Minneapolis, MN 55440-1437

Moore Loan
316 East Grace Street
PO Box 12163
Richmond, VA 23241-0163

Beverly M. Joyner
17 Columbia Ct.
Portsmouth, VA 23704

Newport News Shipbldg C/U
3711 Huntington Ave
Newport News, VA 23607

C & F Finance fka Moore Loans
c/o Paul Curley, Esq.
2201 Libbie Ave, Ste. 200
Richmond, VA 23230

Select Portfolio Servicing
PO Box 551170
Jacksonville, FL 32255-1170

City of Portsmouth
City Treasurer
801 Crawford Street
Portsmouth, VA 23704

Select Portfolio Servicing Inc
3815 South West Temple
Salt Lake City, UT 84115

Comm. Cash t/a Beach Comm
c/o P. Zemanian, Esq
150 Boush St., Ste. 600
Norfolk, VA 23510

Commercial Cash Flow, LLC
t/a Beach Commercial
3330 Pacific Ave., Ste. 203
Virginia Beach, VA 23451

Commonwealth of Virginia
Department of Taxation
PO Box 1880
Richmond, VA 23218-1880

Internal Revenue Service
Proceedings & Insolvency Unit
PO Box 10025
Richmond, VA 23240

Lendmark
902 N Main Street
Suffolk, VA 23434-4315

Meyers & Tabakin
825 High Street
Portsmouth, VA 23704

## MODIFIED REPAYMENT SCHEDULE
### March 1, 2006

| | |
|---|---|
| **Lender/Judgment Holder:** | Commercial Cash Flow, LLC, t/a Beach Commercial ("Beach Commercial") |
| **Borrower:** | Thermo Tech II, Inc. (the "Borrower") |
| **Guarantors/Judgment Debtors:** | Michael Anthony Joyner, Sr. and Beverly M. Joyner ("Mr. and Mrs. Joyner") |
| **Obligation:** | Outstanding balance remaining due to Beach Commercial on account of Borrower. |

For and in consideration of Beach Commercial's continued willingness to forbear from enforcement of its available remedies for collection of the Obligation against each and all of the Borrower and Mr. and Mrs. Joyner, Mr. and Mrs. Joyner have agreed to execute and deliver to Beach Commercial a deed of trust encumbering their equity on 17 Columbus Court, Portsmouth, Virginia, in trust to further secure repayment of the Obligation on the following modified schedule:

- $300.00 per month, starting March 1, 2006 and continuing on the 1st day of each subsequent month until February 1, 2010.

- The entire remaining unpaid balance of the Obligation shall be due and payable in full on March 1, 2010.

- Except as expressly modified herein, the terms and provisions of all debt and security instruments relating to the Obligation are hereby ratified and reaffirmed, including without limitation the guaranty of Mr. and Mrs. Joyner.

COMMERCIAL CASH FLOW, LLC,
t/a BEACH COMMERCIAL

By:_____
Jeff Richardson, Manager

THERMO TECH II, INC.

By:_____
Michael A. Joyner, Sr., President

_____
MICHAEL A. JOYNER, SR.

_____
BEVERLY M. JOYNER

Record in: Portsmouth, Virginia
Filing Fees: $_____

# DEED OF TRUST

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

THIS DEED OF TRUST ("Deed of Trust") is made this _____ day of _____, 2006. The grantors for purposes of indexing are **MICHAEL ANTHONY JOYNER, SR.** and **BEVERLY M. JOYNER**, husband and wife (collectively, the "Grantor"). The trustee is **PETER G. ZEMANIAN**, a resident of Norfolk, Virginia (the "Trustee"), grantee for purposes of indexing. The beneficiary is **COMMERCIAL CASH FLOW, L.L.C.** (the "Lender"), grantee for purposes of indexing. Thermo Tech II, Inc., a Virginia corporation. (the "Borrower"), a Virginia corporation, owes the Lender the sum of Twenty-Six Thousand Eight Hundred Ninety-Four and 74/100 Dollars ($26,894.74), exclusive of unpaid interest, late fees, and attorney's fees accrued since April 6, 2004 (the "Obligation"), which is last evidenced by, among other instruments, (i) a confession of judgment dated as of April 6, 2004, and (ii) a modified repayment schedule dated as of March 1, 2006.

NOW THEREFORE, this Deed of Trust witnesseth:

That to secure the prompt payment of Obligation, together with all extensions, renewals, and modifications thereof, or substitutions therefor, and all charges and advances as in said Obligation and as herein provided, Grantor, in consideration of the mutual covenants, and obligations and releases evidenced by or relating to this Deed of Trust and the secured Obligation, the receipt and sufficiency of which are hereby acknowledged, does hereby grant and convey in fee simple unto the Trustee the land and premises lying and being in Portsmouth, Virginia, and described on **Schedule A** attached hereto and incorporated herein by reference, together with all plumbing, engines, boilers, heating and lighting apparatus, sprinkler or fire extinguishing systems, screens, fans, ventilating or air conditioning systems, on and/or off site building materials and supplies, awnings, blinds, window shades, gas ranges, electric ranges, mechanical refrigeration including refrigerators, mantels, linoleum, walls or indoor beds, wall panels and tapestries, frescoes, and paintings on or attached to walls and ceilings and all improvements and fixtures of every kind and description now owned or which may hereafter be owned by Grantor in and upon said land and premises, or which may hereafter be placed thereon, including, but not limited to, any equity which may be acquired by the said Grantor in such property as a result of the making of installment payments on account of the purchase thereof, it being understood and agreed between the parties hereto that the words "land and premises" wherever they occur in this Deed of Trust, shall be deemed to include all the equipment, furnishings, and fixtures above mentioned and conveyed, together with all present and future leases of said land and premises or any parts thereof, and all extensions, renewals, and

1

modifications thereof or substitutions therefor, and all rents, issues, and profits therefrom, together with all the improvements now or hereafter in anyway appertaining, and all the estate, right, title, interest, and claim either at law or in equity or otherwise however, of Grantor, of, in, to, or out of the said land and premises;

In trust to permit said Grantor to use and occupy the said described land and premises and to receive the rents, issues, and profits thereof, until default be made in the payment of any indebtedness hereby secured or in the performance or observance of any of the conditions and obligations made and stipulated in the said Obligation, or in the performance of any covenant or agreement contained in this Deed of Trust; and upon the full payment of all of said Obligation, and any extensions, renewals, or modifications thereof, or substitutions therefor, and interest thereon, and all moneys advanced or expended as provided for in said Obligation or as herein provided, and all other costs, attorneys' fees, charges, commissions, and expenses, incurred at any time before the sale herein provided for, and upon payment in full of said indebtedness, to release and re-convey the said land and premises unto and at the cost of Grantor or the party or parties then claiming under said Grantor.

Grantor, for himself and herself, and for his and her successors and assigns, covenants and agrees as a part of this trust, as follows:

1.  That the land and premises will be and will remain free and clear of any fines, charges, or encumbrances (except for the lien of this trust), except such liens, charges, or encumbrances as are approved by the holder in writing from time to time, and that Grantor will pay the indebtedness evidenced by the Obligation secured hereby, all taxes and assessments relating to the land and premises herein described, ground rents, all charges against the property, and all other sums which are required to be paid by Grantor under the terms of said Obligation or this Deed of Trust, including costs, expenses, and attorneys' fees incurred by the Trustee or the holder of said Obligation with respect to this Deed of Trust, the said Obligation or the land and premises herein described, and in default of any such payment the holder of said Obligation may pay the same, and any sum or sums so paid shall be added to the debt hereby secured, shall be payable on demand, shall bear interest at the rate provided for in said Obligation, and shall be secured by this Deed of Trust.

2.  That Grantor will keep the said land and premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted; and that Grantor will not act or fail to act in any manner which will jeopardize the lien of this Deed of Trust.

3.  That Grantor will keep the improvements now existing, or hereafter erected on said land, insured against loss of fire and other hazards, casualties, and contingencies in such amounts and for such periods as may be required by the holder of said Obligation, including flood damage, if the improvements are located in a special flood hazard area, and will pay promptly, when due, any premiums on such insurance.  All insurance shall be carried in companies approved by the holder of said note and the policies and renewals thereof shall be held by said holder and have attached thereto standard mortgage clauses in favor of and in form acceptable to the holder of said Obligation. The holder is authorized, but under no duty, to obtain any insurance upon failure of the Grantor to do so, and, upon demand, the Grantor shall promptly

2

reimburse the holder for the cost of obtaining such insurance. In the event of loss, Grantor will give immediate notice by mail to the holder of said Obligation, who may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to and solely to the order of the holder of said Obligation, and the insurance proceeds or any part thereof may be applied by such holder at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property encumbered hereby. In the event of sale under the terms of this Deed of Trust or other transfer of title to said land and premises in extinguishment of the indebtedness secured hereby, all right, title, and interest of Grantor in and to any insurance policies then in force shall pass to the purchaser or grantee.

4. That in the event the ownership of any or all said land and premises becomes vested in a person other than Grantor, the holder of said Obligation may, without notice to Grantor, deal with such successor or successors in interest with reference to this instrument and the indebtedness secured hereby in the same manner as with Grantor, and any extension of the time of the payment of the indebtedness or any other modification of the terms of the indebtedness at the instance of the then owner shall not relieve Grantor or her liability on the Obligation hereby secured or from the performance of any of the covenants and agreements contained herein, whether said extension or modification shall be made with or without the consent of Grantor.

5. That if: (a) legal or equitable title to any of the said land and premises shall be sold, transferred, or conveyed or shall by any means become vested in any party other than Grantor; or (b) any of the said land and premises shall be further encumbered, without the prior written approval of the holder of said Obligation; or (c) upon the bankruptcy, insolvency, or death of the said Grantor, then, in any such event, the entire unpaid balance of principal and all accrued and unpaid interest owing on said Obligation, together with all other fees, costs, and expenses thereon or relating thereto, shall become immediately due and payable at the option of the holder of said Obligation.

6. That in the event of default in any payment, charge, covenant, or agreement provided for in any recorded trust or lien of any kind (including without limitation taxes and assessments) on any or all of the land and premises herein described, such default shall operate and cause all principal and interest of said Obligation still unpaid, together with all other fees, costs, and expenses thereon or relating thereto, to immediately mature and become due and payable at the option of the holder of said Obligation.

7. That upon any default or the failure being made in the payment of the said indebtedness when due, whether at the stated maturity or otherwise, at the request of the party secured hereby, the Trustee shall, and it shall be the Trustee' duty, with or without the appointment of a receiver, to take immediate possession of the said land and premises and until a sale is made hereunder, manage, control, and lease the same to such person or persons and at such rentals as Trustee shall deem proper, collect all rents, issues, and profits therefrom, make such expenditures for maintenance and repairs as the Trustee shall deem advisable, and after deducting the costs thereof and a commission of five percent (5%) upon the gross amount of rents collected, apply the residue to the fulfillment of the obligations of Grantor hereunder.

3

       8.      That the irrevocable power to substitute one or more of the trustee named herein or substituted therefor is expressly reserved to the holder of said Obligation secured by this Deed of Trust, to be exercised any time hereafter no matter how often without notice and without specifying any reason therefor, by filing for record among the land records where this instrument is recorded, a deed of appointment, and thereupon all of the title and estate, powers, rights and duties of the trustee or trustee thus superseded shall terminate and shall be vested in the successor trustee or trustee. Grantor and the Trustee herein named or that hereafter may be substituted hereunder expressly waive notice of the exercise of this power, the giving of bond by any trustee, and any requirement for application to any court for the removal, substitution, or appointment of a trustee hereunder.

       9.      That Grantor's failure to perform or observe when due any of her obligations under this Deed of Trust or under the Obligation or any guaranty executed in connection therewith shall constitute a default, and all indebtedness secured hereby shall immediately become due and payable at the option of the Lender. The right is in addition to all other rights given to the Lender under Title 55 of the Code of Virginia. Any time thereafter, at the request of the Lender, the Trustee shall have the power and it shall be their duty to sell said land and premises or any part thereof at public action, in such manner, at such time and place, upon such terms and conditions, and upon such public notice as the Trustee may deem best for the interest of all concerned consisting of advertisement in a newspaper of general circulation in the county or city in which the security property is located for at least once a week for two successive weeks or for such other period as applicable law may require and, in case of default of any purchaser, to resell the same with such postponement of sale or re-sale and upon such public notice thereof as the Trustee may determine, and upon compliance by the purchaser with the terms of sale, and upon judicial approval as may be required by law, convey said land and premises in fee simple to and at the cost of the purchaser, who shall be liable to see to the application of the purchase money; and from the proceeds of sale: FIRST, to pay all proper costs and charges, including but not limited to court costs, advertising expenses, auctioneer's allowance, the expenses, if any, required to correct any irregularity in the title, premium for Trustee' bond, auditors' fees, attorneys' fees, and all other expenses of sale incurred in and about the protection and execution of this Deed of Trust, and all moneys advanced for taxes, assessments, insurance, and with interest thereon at the rate provided in the Obligation, and all taxes and assessments due upon said land and premises at time of sale, and to retain as compensation a commission of five percent (5%) on the amount of said sale or sales; SECOND, to pay interest, principal, costs, or late charges, as Lender, in its sole discretion, may determine hereunder, whether the same shall be due or not, it being understood and agreed that, upon such sale before maturity of the Obligation, the balance thereof shall be immediately due and payable; THIRD, to pay liens of record against the said land and premises according to their priority of lien and to the extent that funds remaining in the hands of the Trustee are available; and LAST, to pay the remainder of said proceeds, if any, to Grantor, her heirs, personal representatives, successors, or assigns upon the delivery and surrender to the purchaser of possession of the said land and premises, less costs and expenses of obtaining possession.

       10.     That if the said land and premises shall be advertised for sale, as herein provided, and not sold, Grantor will pay all costs in connection therewith including, but not limited to, advertising, attorneys' fees, and a Trustee' commission of two and one-half percent (2-1/2%) of the then unpaid principal balance of the indebtedness, and the same shall be secured in like

manner as other charges and expenses relating to the execution of this Deed of Trust and shall bear interest at the rate provided in the Obligation.

      11.    That Grantor warrants specially the property herein conveyed, and that Grantor will execute further assurances thereof as may be required.

      12.    The powers herein granted to two or more Trustee may be exercised by any one of them acting individually or by any greater number of them acting together.

      13.    This Deed of Trust shall secure all extensions, renewals, and modifications of the indebtedness secured hereby, together with all other evidences of indebtedness given in substitution or replacement thereof.

      The provisions of this Deed of Trust shall be binding upon and shall inure to the benefit of Grantor, her heirs, personal representatives, successors, and assigns, the Trustee and any successor, or substitute trustee, and the Lender hereby secured, and its successors and assigns. Whenever used herein, the singular shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

      IN WITNESS WHEREOF, and intending to create an instrument executed under seal, the Grantor has duly executed this Deed of Trust under seal as of the day and year first written above.

                                MICHAEL ANTHONY JOYNER, SR.

                                _____

                                BEVERLY M. JOYNER

                                _____

COMMONWEALTH OF VIRGINIA,
CITY/COUNTY OF _____, to-wit:

      The foregoing instrument was acknowledged before me this ____ day of _____, 2006 by Michael Anthony Joyner, Sr. and Beverly M. Joyner.

                                _____
                                  Notary Public

My Commission Expires: _____

SCHEDULE A

**[PROPERTY DESCRIPTION]**

All that certain lot, piece or parcel of land, together with the buildings and improvements thereon and the appurtenances thereunto belonging, situate and lying and being in the City of Portsmouth, Virginia, and being known, numbered and designated as Disposition Parcel 121, as shown on that certain plat entitled "Subdivision of 'Columbia Commons' Portsmouth Redevelopment and Housing Authority, Portsmouth, Virginia" which said plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Portsmouth, Virginia in Map Book 15, at Pages 122 and 123; reference to which said plat is hereby made for a more particular description.